### In re W.R. GRACE & CO., et al., Debtors.

### W.R. GRACE & CO., et al., Plaintiffs,

### v.

### Margaret CHAKARIAN, et al., and John Does 1–1000, Defendants.

**Bankruptcy No. 01–01139 (JKF). Adversary No. A–01–771.**

United States Bankruptcy Court, D. Delaware.

March 27, 2008.

Kathleen M. Miller, Smith, Katzenstein & Furlow LLP, Wilmington, DE, for Debtor.

David W. Carickhoff, Jr., James E. O'Neill, Laura Davis Jones, Scotta Edelen McFarland, Timothy P. Cairns, Pachulski Stang Ziehl Young Jones, David W. Carickhoff, Jr., Blank Rome LLP, Wilmington, DE, Paula Ann Galbraith, Chicago, IL, for Plaintiff.

Margaret Chakarian, pro se.

John Does 1–1000, pro se.

Sherry Ruggiero Fallon, Tybout, Redfearn & Pell, Wilmington, DE, for Home Saving Termite Control.

Kerri K. Mumford, Landis Rath & Cobb LLP, Wilmington, DE, for Abner Defendants, Travis Abner, James Gill, Richard Mesquita and certain other asbestos claimants, Carol Gerard, et al.

Michael Seth Etkin, Lowenstein Sandler P.C., Roseland, NJ, for Keri Evans.

## MEMORANDUM OPINION[1]

JUDITH K. FITZGERALD, Bankruptcy Judge.

The matters before the court are the (1) Debtors' Motion to Alter and Amend the

---

1. The court's jurisdiction was not at issue. This Memorandum Opinion constitutes our

Court's Order Denying Its Request to Expand the Preliminary Injunction to Include Actions Against the State of Montana [2] and (2) Motion for Reconsideration of Court's Opinion and Order Denying Debtors' Motion for Expansion of Preliminary Injunction Entered April 16, 2007 [3] (collectively, the "Motions to Reconsider"). We note that our Memorandum Opinion and Order, 366 B.R. 295 (Bankr.D.Del.2007),[4] are dated April 13, 2007, but were docketed on April 16, 2007; hence the reference in the Motion for Reconsideration. We will refer to our opinion and order by reference to the April 13 date and/or to the Bankruptcy Reporter cite. The Motions to Reconsider ask the court to reverse its April 13 Memorandum Opinion and Order,[5] docketed on April 16, 2007, which denied Debtors' motion [6] to expand the preliminary injunction to include actions against the State of Montana ("State Court Actions"). The Official Committee of Asbestos Personal–Injury [sic] Claimants ("ACC") and the claimants involved in the State Court Actions ("Montana Plaintiffs") [7] both filed objections to the Motions to Reconsider.[8]

## BACKGROUND

On April 2, 2001 (the "Petition Date"), Debtors filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. On the same date, Debtors filed this adversary proceeding. Soon after, the United States Trustee appointed the Property Damage Committee, the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Unsecured Creditors, and the Official Committee of Equity Holders. Debtors continue in possession of their property and the management of their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

The original preliminary injunction in this adversary proceeding was signed on May 3, 2001,[9] barring the prosecution of then pending actions against various entities affiliated with Debtors and certain third parties whose purported liability was solely derivative of W.R. Grace. On January 22, 2002, the court entered an order modifying the preliminary injunction to include certain additional affiliates and to reinstate the bar against the commence-

---

findings of fact and conclusions of law.

**2.** Doc. No. 427, filed on April 26, 2007.

**3.** Doc. No. 426, filed on April 26, 2007.

**4.** On the adversary docket the Memorandum Opinion is at Doc. No. 419 and the Order is at Doc. No. 420.

**5.** Order Denying Debtors' Motion to Expand the Preliminary Injunction to Include Actions Against the State of Montana, Doc. No. 420. Memorandum Opinion, Doc. No. 419. *See In re W.R. Grace & Co.*, 366 B.R. 295 (Bankr. D.Del.2007).

**6.** Debtors' Motion to Expand Their Preliminary Injunction to Include Actions Against the State of Montana, Doc. No. 359.

**7.** The Montana Plaintiffs also call themselves "Libby Claimants." *See,* for example, Doc.

No. 442 designated as filed by Libby Claimants. However, the document filed at Doc. No. 442 is titled and refers to "Montana Plaintiffs." Doc. No. 442 refers to Doc. No. 363, footnote 1 of which refers to Doc. No. 4807 in the main case, Bankr.No. 01–1139. Doc. No. 4807 is a 2019 statement listing the Libby/Montana claimants by name. We refer to them herein as "Montana Plaintiffs."

**8.** Opposition of the Official Committee of Asbestos Personal–Injury [sic] Claimants to the Debtors' and the State of Montana's Motions to Reconsider the Court's Decision Denying a Stay of Litigation Against Montana, Doc. No. 443; Objection to Motions Filed By Debtors and State of Montana to Reconsider Order Denying Debtors' Motion to Expand the Preliminary Injunction to Include Actions Against the State of Montana, Doc. No. 442.

**9.** The order was docketed on May 6, 2001. *See* Doc. No. 32.

ment of new actions against affiliates arising from alleged exposure to asbestos whether indirectly or directly cause by W.R. Grace.[10] On February 4, 2002, certain Montana Plaintiffs attempted to modify the injunction in order to pursue a prepetition state court suit based on an alleged direct cause of action against Maryland Casualty Company ("MCC"), one of W.R. Grace's insurers.[11] This court denied the attempt to modify, Doc. Nos. 109, 133, which was ultimately upheld by the U.S. Circuit Court of Appeals for the Third Circuit. *In re W.R. Grace & Co. (Gerard, et al. v. W.R. Grace & Co., et al.)*, 115 Fed.Appx. 565 (3d Cir.2004). The Montana Plaintiffs next attempted to pursue their asbestos personal injury claims arising out of W.R. Grace's Libby mining operations by pursuing a prepetition suit against Montana Vermiculite Company ("MVC"), the former owners of certain assets one of the Debtors purchased in

1963. *See* Doc. No. 153, Debtors' Motion to Expand the Preliminary Injunction to Include Actions Against [MVC]. This court amended the injunction to stay the actions against MVC on February 25, 2005.[12]

On August 22, 2005, Debtors filed a Motion to Expand Their Preliminary Injunction to Include Actions Against the State of Montana (the "Injunction Motion"),[13] seeking to expand the preliminary injunction to include the State Court Actions filed postpetition against the State of Montana for, among other things, negligence in failing to warn about the risks of asbestos at the Debtors' workplace and mine in Libby, Montana. The Montana Plaintiffs filed an objection to the Injunction Motion.[14] The Official Committee of Unsecured Creditors submitted a joinder [15] to the Injunction Motion and the State of Montana filed a response stating it did not object to the relief sought unless the relief affected certain of its rights.[16]

---

**10.** *See* Doc. No. 87, Order Granting Modified Preliminary Injunction.

**11.** *See* Doc. No. 85. The pleading is captioned and docketed as a motion to intervene filed on behalf of Carol Gerard but sought clarification of the scope of the injunction or, alternatively, a modification of the injunction so the proposed intervenor could obtain documents for use in her Maryland state court action. Named plaintiffs involved in the State Court Actions were also previously involved in the claims against Maryland Casualty Company, Doc. Nos. 109, 135, 154, and Montana Vermiculite Company, Doc. Nos. 298, 299, in this adversary. *See* Doc. Nos. 109, 135, 154(MCC); Doc. Nos. 298, 299(MVC).

**12.** Adv. No. 01–771 at Doc. No. 358. The order was docketed on February 28, 2005.

**13.** Doc. No. 359.

**14.** Opposition of Libby Claimants to Debtors' Motion to Expand the Preliminary Injunction to Include Actions Against the State of Montana, Adversary No. 01–771, Doc. No. 363.

**15.** Joinder of the Official Committee of Unsecured Creditors in the Debtors' Motion to Expand Their Preliminary Injunction to Include Action Against the State of Montana, Adversary No. 01–771, Doc. No. 361.

**16.** Response to Debtors' Motion to Expand Preliminary Injunction to Include Actions Against the State of Montana, Adversary No. 01–771, Doc. No. 362, at 1–2 ("Montana does not object to the relief requested in the Motion to Expand Injunction if the motion does not effect *[sic]* Montana's rights to: (a) object to any plan of reorganization of the Debtors relating to the treatment of Montana under such a plan; (b) preserve its contribution and/or indemnification claims it may have against Debtors relating to the Montana actions; (c) take all such actions as Montana shall determine appropriate in order to preserve any claims or causes of actions it may have relating to the Montana actions; and (d) continue to seek relief from the automatic stay in the event the Motion is denied").

On December 19, 2005, the court held a hearing on the Injunction Motion. On April 13, 2007, the court issued a Memorandum Opinion and Order denying Debtors' Injunction Motion ("the April 13 Memorandum Opinion and Order"), finding that "related-to subject matter jurisdiction [did] not exist for the purpose of expanding the injunction to include the State Court Actions."[17] The Debtors and the State of Montana subsequently filed the Motions to Reconsider now before us and the ACC and Montana Plaintiffs filed objections thereto.[18]

On May 21, 2007, this court held a hearing on the Motions to Reconsider.[19] At the hearing, the court took the Motions to Reconsider under advisement and orally entered a temporary stay pending its ruling on the motions. The court entered its written order on August 29, 2007 ("Stay Order").[20]

The Montana Plaintiffs thereafter appealed the entry of the Stay Order to the United States District Court for the District of Delaware.[21] The Debtors and the State of Montana filed Motions to Dismiss the Appeal and corresponding briefs.[22] The Montana Plaintiffs filed opposition to the motions to dismiss.[23] On January 22, 2008, the District Court entered a Memorandum and Order granting the Debtors' and State of Montana's motions to dismiss the appeal.[24]

## DISCUSSION

■ The Motions to Reconsider were brought pursuant to Fed.R.Civ.P. 59(e),[25] incorporated into bankruptcy proceedings by Fed.R.Bankr.P. 9023.[26] Pursuant to

---

**17.** Doc. Nos. 419, 420, *In re W.R. Grace & Co., et al. (W.R. Grace & Co., et al. v. Chakarian, et al.)*, 366 B.R. 295 (Bankr.D.Del.2007).

**18.** Debtors' Motion to Alter and Amend the Court's Order Denying Its Request to Expand the Preliminary Injunction to Include Actions Against the State of Montana, Doc. No. 427; State of Montana's Motion for Reconsideration of Court's Opinion and Order Denying Debtors' Motion for Expansion of Preliminary Injunction, Doc. No. 426. The Montana Plaintiffs' opposition is docketed as being filed by "Libby Claimants" and appears on the docket as Objection to Motions Filed By Debtors and State of Montana to Reconsider Order Denying Debtors' Motion to Expand the Preliminary Injunction to Include Actions Against the State of Montana. The document itself is captioned as "Opposition of Montana Claimants to Motions ..." Doc. No. 442. The ACC's objection is docketed and titled as Opposition of the Official Committee of Asbestos Personal–Injury [sic] Claimants to the Debtors' and the State of Montana's Motions to Reconsider the Court's Decision Denying a Stay of Litigation Against Montana. Doc. No. 443.

**19.** *See* Transcript of 5/21/2007, Bankr.No. 01–1139, Doc. No. 15948.

**20.** Doc. No. 466. This order is docketed as an amended order and refers to Burlington

Northern Santa Fe Railway company ("BNSF") and an order entered at Doc. No. 453. BNSF is the subject of a separate pending matter which the court also has under advisement. *See, e.g.*, Doc. Nos. 453, 459, 461, 462, 463. We do not address BNSF issues here.

**21.** Doc. No. 467, Notice of Appeal; Civil Action No. 07–609.

**22.** Civil Action No. 07–609, Doc. Nos. 6–10, 14.

**23.** Civil Action No. 07–609, Doc. Nos. 11, 12.

**24.** Civil Action No. 07–609, Doc. No. 15; Adv. Doc. Nos. 474–476. The District Court's Memorandum is published on Westlaw as *Libby Claimants v. W.R. Grace & Co.*, 2008 WL 205310 (D.Del., Jan.22, 2008).

**25.** "(e) Motion to Alter or Amend Judgment. Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed.R.Civ.P. 59(e).

**26.** Fed.R.Bankr.P. 9023 provides that Fed.R.Civ.P. 59 applies in bankruptcy cases except as provided in Fed.R.Bankr.P. 3008 regarding claims allowance.

Fed.R.Civ.P. 59(e), a judgment may be altered or amended only when the party seeking reconsideration shows: (1) there has been an intervening change in the controlling law; (2) there is newly discovered evidence which was not available to the moving party at the time of judgment; or (3) there is a need to correct a legal or factual error which has resulted in manifest injustice. *Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir.1999)(citing *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir.1995)).

■ In their Motions to Reconsider, Debtors and the State of Montana allege that there is a clear need to correct a legal error which resulted in the injustice of denying the Debtors' request to expand the preliminary injunction. Debtors argue that the court "[o]verlooked binding precedent"[27] established in *In re W.R. Grace & Co. (Gerard, et al. v. W.R. Grace & Co., et al.),* 115 Fed.Appx. 565 (3d Cir.2004), and should correct the error by expanding the injunction to include the State of Montana. The State of Montana agreed.[28] Debtors argue, and the State of Montana concurred,[29] as they did in the initial pleadings, that the circumstances of MCC in *Gerard* are "essentially identical to those present with the State of Montana"[30] and,

therefore, the court should have followed its earlier decision[31] and should have ruled that the injunction also covers suits against the State of Montana. However, this court did not "overlook" the Gerard case. Indeed, this court expressly cited Gerard[32] and distinguished it on its facts.[33]

■ In the April 13 Memorandum Opinion, we ruled that related-to subject matter jurisdiction did not exist for the purpose of expanding the injunction to include the State Court Actions.[34] The generally accepted test for determining whether a bankruptcy court has subject matter jurisdiction over litigation between nondebtor third parties is whether "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3d Cir.1984). *See also In re Federal–Mogul Global, Inc.,* 300 F.3d 368, 387 (3d Cir.2002), *cert. denied sub nom. DaimlerChrysler v. Official Committee of Asbestos Claimants,* 537 U.S. 1148, 123 S.Ct. 884, 154 L.Ed.2d 851 (2003). In *Pacor* and *Federal–Mogul,* the Court of Appeals for the Third Circuit found that related-to jurisdiction was lacking because there could be no direct effect on the estate without intervening litigation. *Pacor,* 743 F.2d at 995 (Higgins was not a creditor, had filed no claim against the

---

27. Doc. No. 427, at 2.

28. Doc. No. 426.

29. Doc. No. 427 at 2; Doc. No. 426 at 4.

30. *Id.* at 2; Doc. No. 426 at 4 ("The present case is identical to *Gerard*").

31. In *Gerard,* the Court of Appeals for the Third Circuit vacated the District Court's order vacating this court's order. The result was that claims against MCC remained subject to the protection of the preliminary injunction, inasmuch as claims against MCC were based on its role as Debtors' workers compensation carrier and its work with Debt-

ors on a dust control system for Debtors' mine in Libby, Montana.

32. 366 B.R. at 298.

33. 366 B.R. at 301–02.

34. 366 B.R. at 302. Subject matter jurisdiction and power of the Bankruptcy Code are separate prerequisites to the court's capacity to act against third-party nondebtors, such as the State of Montana. *See Matter of Zale Corp.,* 62 F.3d 746, 751 (5th Cir.1995) (citing *In re American Hardwoods, Inc. (American Hardwoods, Inc. v. Deutsche Credit Corp.),* 885 F.2d 621, 624 (9th Cir.1989)).

debtor, and, therefore, any judgment would have no effect on the estate); *Federal–Mogul*, 300 F.3d at 386 (appeal barred because basis for district court's remand was lack of related-to jurisdiction).

In *Federal–Mogul*, at the bankruptcy court level, the court distinguished three cases in which courts have found jurisdiction because, although the issues involved third parties, the rulings would have a direct effect on the estates. *In re Federal–Mogul Global, Inc.*, 282 B.R. 301, 307 (Bankr.D.Del.2002).[35] Those three cases were *Celotex Corp. v. Edwards*, 514 U.S. 300, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995); *In re A.H. Robins Co., Inc.*, 828 F.2d 1023 (4th Cir.1987), *cert. denied sub nom. Oberg v. Aetna Cas. and Sur. Co.*, 485 U.S. 969, 108 S.Ct. 1246, 99 L.Ed.2d 444 (1988); and *Halper v. Halper*, 164 F.3d 830 (3d Cir.1999). This court's April 13 Memorandum Opinion explained that the suits against MCC and against MVC were both similar to the claims at issue in *Celotex, A.H. Robins Co.*, and *Halper* because of their potential to directly affect the estate without separate intervening litigation. 366 B.R. at 301–02. While the April 13 Memorandum Opinion did not go into significant detail regarding the circumstances of the suits against MCC in *Gerard, Gerard* was clearly grouped with *Celotex, A.H. Robins Co.*, and *Halper* as a case in which the claims at issue could have a "direct effect on the estate." [36]

On the other hand, we found the State Court Actions to be similar to those claims in *Pacor* and *Federal–Mogul* because there could be no direct effect on the estate without intervening adjudication.

Before any effect on Debtors can be realized, the State of Montana must first be found liable in state court and then pursue its claim for indemnification in bankruptcy court. While the court in *Orr v. State of Montana*, [324 Mont. 391, 106 P.3d 100 (2004),] *supra*, found that a duty existed on behalf of the State, the case was remanded for determination of whether the State of Montana breached that duty. If breach is not found, indemnification/contribution is not possible. If breach is found, Montana Plaintiffs "would still be obligated to bring an entirely separate proceeding to receive indemnification." *Pacor*, 743 F.2d at 995. Montana law prohibits the State of Montana from litigating or establishing a factual basis (i.e., percentage of comparative fault) against Debtors for either contribution or indemnity during the course of the State Court Actions. See Mont. Ann. § 27–1–703 (1997), and *Plumb v. Fourth Judicial Dist. Court*, [279 Mont. 363,] 927 P.2d 1011 (Mont. 1996) (entry of findings against non-party violates substantive due process). A judgment against the State of Montana will not bind Debtors. An intervening adjudication is necessary to affect the estate.

366 B.R. at 301. Allegations of common law indemnification against Debtors in *Pacor, Federal–Mogul*, and this court's April 13, 2007, decision regarding the State of Montana were found to be an insufficient basis for related-to jurisdiction because there could be no direct effect on the bankruptcy estate without intervening adjudication. In contrast, MCC in *Gerard* asserted contractual indemnity rights which could have a direct impact on the

**35.** Mandamus denied by *In re Federal–Mogul Global, Inc.*, 300 F.3d 368 (3rd Cir.2002), *cert. denied sub nom. DaimlerChrysler Corp. v. Official Committee of Asbestos Claimants*, 537 U.S. 1148, 123 S.Ct. 884, 154 L.Ed.2d 851 (2003).

**36.** 366 B.R. at 301.

estate.[37] Debtors and MCC, a workers' compensation insurer for the Debtors, had entered into a settlement agreement whereby "Grace agreed to ... indemnify MCC against any future asbestos-related claims filed against MCC that arose out of alleged liability on the part of Grace." *Gerard, et al. v. W.R. Grace & Co., et al.*, 115 Fed.Appx. 565, 566 (3d Cir.2004).

As explained above, this court distinguished the MCC claims in *Gerard* from the State of Montana claims. Nothing in the record before us indicates an error of law or fact that resulted in manifest injustice occasioned by our April 13 Memorandum Opinion. Therefore, the Debtors and the State of Montana failed to show grounds under Fed.R.Bankr.P. 9023 upon which this court could base a decision granting the Motions to Reconsider.

■ The court also notes that the Motions to Reconsider presented arguments nearly identical to those in the initial pleadings requesting expansion of the injunction. Motions to alter or amend a judgment are not intended to permit a "rehash [of] arguments already briefed." [38]

It should also be noted that the Montana Plaintiffs submitted a letter to this court, pursuant to Del. Bankr.L.R. 7007–1(b),[39] calling to the court's attention and briefly discussing the opinion of the Court of Appeals for the Second Circuit in *In re Johns–Manville Corp. (Travelers Casualty and Surety Co., et al. v. Chubb Indemnity Insurance Co., et al.)*, 517 F.3d 52 (2d Cir.2008).[40] Debtors and the State of Montana both responded to the Rule 7007–1(b) filing from the Montana Plaintiffs.[41] The *Johns–Manville* opinion is not dispositive of the Motions to Reconsider. The facts are distinguishable from those currently before this court. In the present case, Debtors sought to expand the preliminary injunction preconfirmation to protect assets of their estates. The expansion of the injunction in *Johns–Manville* was sought postconfirmation by an insurer to protect it from statutory and common law claims based upon an alleged independent duty owed to plaintiffs in those actions. Although the "independent duty" theory in *Johns–Manville* is similar to that lodged against the State of Montana here, the basis for the injunction is different. Travelers conceded that the compensation sought for its alleged tortious conduct was not related to proceeds of Manville's policies. *Id.* at 62–63. Furthermore, the plaintiffs did not rely on Manville's insurance policies nor seek to

---

**37.** *See* Doc. No. 100, Objection to Motion of Carol Gerard to Clarify the Scope of the Preliminary Injunction or, in the Alternative, to Modify the Preliminary Injunction Filed by [MCC].

**38.** *Inline Connection Corp. v. AOL Time Warner, Inc.*, 395 F.Supp.2d 115, 117 (D.Del.2005)(quoting *Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F.Supp.2d 385, 419 (D.Del.), *appeal dismissed* 215 F.3d 1348 (1999)). *See also Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231, 1232 (3d Cir.1995)(motions to alter or amend do not provide litigants with an opportunity for a "second bite at the apple").

**39.** The Local Rule provides:

*Citation of Subsequent Authorities.* No additional briefs, affidavits or other papers in support of or in opposition to the motion shall be filed without prior approval of the Court, except that a party may call to the Court's attention and briefly discuss pertinent cases decided after a party's final brief is filed or after oral argument.

**40.** Letter from Daniel C. Cohn, Esquire to the Honorable Judith K. Fitzgerald Re: Injunction Pleadings, Doc. No. 478.

**41.** Letter to Judge Fitzgerald re: Manville Opinion Filed by W.R. Grace & Co., et al., Doc. No. 479; Letter to Judge Fitzgerald re: Manville Opinion Filed by State of Montana, Doc. No. 480.

recover insurance proceeds for recovery. *Id.* In sum, there was no effect on the *res* of the Manville estate by the actions against Travelers, a nondebtor insurer, and the bankruptcy court had no subject matter jurisdiction to enjoin the type of suits at issue, postconfirmation, against Travelers. *Id.* at 67–68. Likewise the Court of Appeals opined that were this a § 524(g) matter, it would fall outside the parameters of that provision because the claims in question were nonderivative and had no effect on the estate's *res*. *Id.* at 67–68. This case is in the preconfirmation stage. It is more in line with the *Pacor* situation in that, as previously stated, if the State Court Actions were to have an effect on Debtors' estates there would have to be a judgment against the State of Montana which would then have to pursue its claims against Debtors in this bankruptcy case. The only similarity between *Johns–Manville* and the matter before us is the fact that the underlying state court litigation relies upon theories of liability that require proof of tortious conduct by a third party (the State) and damages that can be assessed against that third party without a direct impact on the Debtors' estates.

For the reasons stated herein, the Motions to Reconsider will be denied and the court's prior order will remain in effect. An appropriate order will be issued.

### ORDER DENYING MOTIONS TO RECONSIDER

AND NOW, this 27th day of March, 2008, for the reasons expressed in the foregoing Memorandum Opinion, it is **ORDERED, ADJUDGED,** and **DECREED** that the Motion for Reconsideration of Court's Opinion and Order Denying Debtors' Motion for Expansion of Preliminary Injunction Entered April 16, 2007, filed on behalf of State of Montana, Doc. No. 426, and Debtors' Motion to Alter and Amend the Court's Order Denying Its Request to Expand the Preliminary Injunction to Include Actions Against the State of Montana, Doc. No. 427, which ask the court to reverse its Order Denying Debtors' Motion to Expand the Preliminary Injunction to Include Actions Against the State of Montana, Doc. No. 420, and Memorandum Opinion, Doc. No. 419, both signed on April 13, 2007 and entered on the docket on April 16, 2007, are **DENIED.**